**PEARL COHEN**  **Pearl Cohen Zedek Latzer Baratz LLP**
Daniel Melman, Partner | Dmelman@PearlCohen.com | 646-878-0845

July 11, 2017

<u>VIA ECF</u>
Hon. Sidney H. Stein, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 23A
New York, NY 10007-1312

RE:       **Broker Genius, Inc. v. Nathan Zalta et al.**
          **(Case 1:17-cv-02099-SHS)**

Dear Judge Stein:

We represent Plaintiff Broker Genius, Inc. ("Broker Genius") in the above-referenced litigation. We are writing to bring to the Court's attention the Defendants' apparent attempt to conceal evidence in this case and to correct the record.

As the Court undoubtedly recalls, after Defendant Bassil responded to Defendant Zalta's Upwork.com posting seeking a "Developer to Create Pricing Software for Ticket Broker," Zalta provided Bassil with a nine-page PDF entitled "Pricing Tool Directions" – probably the most important document in this case. (TR. at 636:9-11.) It is undisputed that pages NRZ_000105 – NRZ_000108 of PX-9 (*see also* DX-70), "Sample Pricing Software," constitute screenshots of Broker Genius' AutoPricer software. (TR. at 634:1 – 636:15; *see* PX-9; DX-70.)[1] Throughout this litigation, Defendants have insisted that Bassil did not know and had no reason to know that these screenshots were of the AutoPricer software owned by Broker Genius. (*See, e.g.,* TR. 308:21 – 309:3; 658:20 – 660:5.) Indeed, the entire argument in support of Defendants Bassil and Gontham LLC's motion for partial summary judgment revolves around asking this Court to accept that Bassil did not know and had no reason to know that Zalta was disclosing to him proprietary software owned by Broker Genius.[2] As explained by Broker Genius in its opposition to Bassil's summary judgment motion, this is demonstrably false. Moreover, Defendants apparently improperly suppressed evidence demonstrating this falsehood.

In preparing its opposition to Bassil's summary judgment motion, undersigned counsel discovered for the first time that when PX-9 was originally produced by NRZ, it was produced in redacted format.[3] Specifically, the phone number for "Support" on NRZ_000108 in the upper right corner was redacted, but there was no indication that the document had been altered. This alteration can readily be seen by comparing NRZ_000108 in PX-9 to NRZ_000108 in DX-70;

---

[1] Copies of PX-9 and DX-70 are attached hereto.

[2] *See* Defendants Joseph Bassil and Gontham, LLC's Motion for Partial Summary Judgement, filed under seal on June 12, 2017.

[3] Defendant Bassil did not produce a copy of the nine-page PDF from his files.

New York 1500 Broadway, New York, New York 10036 USA | Phone: 646-878-0800 | Fax: 646-878-0801
Boston 50 Congress Street Boston, MA 02109 USA | Phone: 617-228-5720 | Fax: 617-228-5721

Hon. Sidney H. Stein, U.S.D.J.
July 11, 17
Page 2 of 3

in the latter version of the document a gray rectangular box has been added to obfuscate the phone number in such a manner as to make it seem that no change has been made to the document. Notably, a Google search of that phone number directs one to the Broker Genius website as the very first search result.

In preparing for the deposition of Defendant Michael Shamah, counsel printed the nine-page "Pricing Tool Directions" PDF produced by NRZ and, apparently by some (fortuitous) technical glitch, NRZ_000108 printed without the redaction, revealing Broker Genius' phone number.[4] This same (unredacted) version of the "Pricing Tool Directions" PDF was subsequently submitted as an exhibit (PX-9) to Broker Genius' prehearing brief and later admitted into evidence (TR. 673:9 – 16.) Defendants, however, introduced the altered version of the document as DX-70 at the PI hearing. (TR. 293:1 – 11.)

Notably, during the Court's examination of Zalta on DX-70, the following exchange took place (TR. 658:25 – 660:5):

> THE COURT: In your conversations with Joe Gontham, were there any references to what Auto Pricer was doing for you, or rather what Auto Pricer could or could not do?
>
> THE WITNESS: I think the first time I introduced it to him was in January.
>
> THE COURT: How could that be when you say you sent Defendant's Exhibit 70 to him in about August, unless I said that —
>
> THE WITNESS: No. I sent that to him in August, but I never told him the name of the company was. The company name is Broker Genius. If you Google Auto Pricer, nothing comes up. He didn't know who they were. He didn't know anything about them. The first time I told him was in January, I said our competition did this in reference to something else, nothing to do with development for that matter.
> ....
> THE COURT: Right. So when you sent to Joe Gotham the screen-shot that says Auto Pricer on it, it is pretty clear whose product it was, right?
>
> THE WITNESS: So knowing the fact that Auto Pricer is

---

[4] At the time, counsel was not aware of the discrepancy and did not realize that the document was originally produced by NRZ in a redacted and altered format to hide Broker Genius' phone number.

```
the product of the company, it is clear to you and
clear to me at this point, but if I were to show this
to anybody, they would have just said it is an Auto
Pricer. If you type in Auto Pricer, nothing comes up.
For him to have anyway of researching it, he'd have to
know the name is Broker Genius.
THE COURT: Thank you.
```

It thus appears that Defendants concealed Broker Genius' phone number from the Pricing Tool Directions PDF to perpetuate their implausible theory that Bassil did not know, and had no reason to know, that the Sample Pricing Software screenshots from Zalta were images taken of Broker Genius' proprietary AutoPricer software.

Accordingly, and in the absence of any reasonable explanation, Broker Genius requests that DX-70 be stricken from the record and that a negative inference be drawn from Defendants' improper conduct. In addition, Broker Genius hereby requests leave to file a motion for sanctions. *See, e.g.*, *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425 (S.D.N.Y. 2002).

Yours sincerely,

/s/ Daniel Melman

Daniel Melman
Pearl Cohen Zedek Latzer Baratz LLP

Encls.
cc:    Counsel of record (*via* ECF)