FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

BROKER GENIUS, INC.,

      Plaintiff,

      v.

NATHAN ZALTA,
MICHAEL SHAMAH,
NRZ ENTERTAINMENT, LLC
JOSEPH BASSIL, and
GONTHAM, LLC.

      Defendants.

Case No. 1:17-cv-02099-SHS

# DEFENDANTS' MOTION TO DISMISS COUNT II FOR LACK OF STANDING AND MOTION TO REQUEST OPINION REGARDING VALIDITY OF PLAINTIFF'S COPYRIGHT REGISTRATION

## <u>INTRODUCTION</u>

Defendants Nathan Zalta, Michael Shamah, NRZ Entertainment, LLC, Joseph Bassil, and Gontham, LLC ("Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby move for the Court to dismiss Count II of the First Amended Complaint alleging copyright infringement because Plaintiff lacks standing to assert the claim. Defendants further move for the Court to request the Register of Copyrights' advice regarding the validity of Plaintiff's copyright registration pursuant to 17 U.S.C. § 411.

Plaintiff's claim for copyright infringement suffers from two fatal defects: First, Plaintiff does not have standing to bring its claim for copyright infringement because it did not own the copyright to Auto Pricer v.3 when the alleged infringement occurred. Because Plaintiff lacks standing, Count II must be dismissed. Second, Plaintiff knowingly made two false statements in its copyright application – first, that Broker Genius, Inc. was the author of Auto Pricer v.3 as a "work made for hire," and second, that Broker Genius, Inc. owned the copyright to Auto Pricer v.3 at the time the copyright application was filed. Because these statements are false, and were known to be false when the application was filed, the Court must request an opinion from the Register of Copyrights as to whether the inaccurate statements would have resulted in a refusal to issue the Certificate of Registration.

## RELEVANT FACTS

In or around 2012, Oxenlab (Pvt.), a Pakistani software development firm, was retained to create the computer program that would eventually become Auto Pricer v.3. (Ex. A, Sherman Dep. at 51:9-16; 58:11-63:22.). Oxenlab, by and through its employees, authored most of the code for Price Genius and Auto Pricer. (*Id*.) Two other Broker Genius employees made some contributions as well. (*Id*.)

Broker Genius, Inc. was not incorporated until March 28, 2016. (Ex. B.) Broker Genius, Inc. filed the application to register the copyright to Auto Pricer v. 3 on August 18, 2016. (Ex. C.) In the application, Broker Genius, Inc. is identified as the author of Auto Pricer v.3 as a "work made for hire." (*Id*.) The application also listed Broker Genius, Inc. as the claimant (or owner) of the copyright to Auto Pricer v.3. (*Id*.) Oxenlab assigned the copyright to Auto Pricer v. 3 to Broker Genius, Inc. on March 8, 2017. (Ex. D.) The March 8, 2017 agreement is the only written contract between Broker Genius, Inc. and Oxenlab. (Ex. A at 64:20-65:7.)

## APPLICABLE LEGAL STANDARDS

### I.   STANDING TO SUE

To state a claim for copyright infringement, the plaintiff must first show it owns a valid copyright. *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992), as amended (June 24, 1992). This threshold requirement has two parts: that the plaintiff actually own the copyright, and that the copyright be valid. Where a plaintiff does not own the copyright, the plaintiff does not have standing to bring a copyright claim. *See, e.g., Vaad L'Hafotzas Sichos, Inc. v. Krinsky*, 133 F. Supp. 3d 527, 531 (E.D.N.Y. 2015) (finding the plaintiff lacked standing to challenge the defendant's actions where it did not have a valid copyright in the work). The Copyright Act further provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled [] to institute an action for infringement of that particular right **committed while he or**

*she is the owner of it*." 17 U.S.C. § 501(b) (emphasis added). *See, e.g.*, *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) (finding that an "assignee is only entitled to bring actions for infringements that were committed while it was the copyright owner") (internal citations omitted); *see also Eden Toys, Inc. v. Florelee Undergarment Co*., 697 F.2d 27 (2d Cir. 1982) (superseded by statute on other grounds) (noting that only a copyright owner may bring suit).

Further, where copyright is assigned after the infringement occurs, the right to sue for the past infringement must be expressly assigned. *ABKCO Music*, 944 F.2d at 980 (noting that "if the accrued causes of action are not expressly included in the [copyright] assignment, the assignee will not be able to prosecute them"); *see also Skor–Mor Prod., Inc. v. Sears, Roebuck & Co*., 298, 1982 WL 1264 (S.D.N.Y.1982) (denying summary judgment where copyright owner could not prove standing, find that a general assignment of copyright "standing alone, would not include an assignment of accrued causes of action").

## II.     WORKS MADE FOR HIRE

According to the Copyright Act, a party claiming to own copyright by virtue of being an employer for hire can only become the owner in one of two ways: (1) the work must be created by an employee with the scope of his employment; or (2) the work must fall into one of nine enumerated categories of works *and* there must be an express writing showing that the parties intended the work to be a work made for hire. 17 U.S.C. § 101. In other words, if a work is not created by a *de facto* employee of the employer for hire, there *must* be a signed writing creating a work made for hire. *Id*. If no such writing exists, the ownership of the work remains with the original creator. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 753, 109 S. Ct. 2166, 2180, 104 L. Ed. 2d 811 (1989); *see also Price v. Fox Entm't Grp., Inc.*, 473 F. Supp. 2d 446, 459 (S.D.N.Y. 2007) (holding that a screenplay was not a work made for hire because the

author was not an employee and there was "no signed writing that evidences any agreement . . . that the work 'shall be considered a work made for hire'").

## III.    INACCURATE INFORMATION IN COPYRIGHT APPLICATION

Section 411 of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Act states that a certificate of registration that contains inaccurate information may not be the basis for bringing an infringement action if the inaccurate information was included on the application with knowledge that it was inaccurate, and if the inaccuracy of this information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(1). The Act further provides a procedural mechanism for determining whether the Register of Copyrights would have refused registration if it had known the information was inaccurate: "In any case in which inaccurate information described under paragraph (1) is alleged, the court **shall** request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2).

## ARGUMENT AND CITATION OF AUTHORITY

## I.    BROKER GENIUS DID NOT OWN THE COPYRIGHT TO AUTO PRICER V.3 WHEN THE ALLEGED INFRINGEMENT OCCURRED.

The Copyright Act provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled [] to institute an action for infringement of that particular rights **committed while he or she is the owner of it**." 17 U.S.C. § 501(b) (emphasis added). Broker Genius, Inc. filed the application to register the copyright to Auto Pricer v.3 on August 18, 2016. In the application, Broker Genius claims that it owns the copyright to Auto Pricer v.3 as a "work made for hire." (Ex. C.) There are two ways that an entity can own the copyright to a work as a

"work made for hire": 1) if the work was prepared by an employee within the scope of his or her employment, the employer owns the copyright; or 2) if the work was specially ordered or commissioned for one of a limited number of categories of works, **and** the "parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101. Neither of these is applicable in the present case.

Oxenlab and its employees were the authors of Auto Pricer v.3 and its predecessors. Therefore, Oxenlab owned the copyright to the code authored by its employees as a "work made for hire," not Broker Genius, Inc. Second, there is no written instrument signed by both Broker Genius, Inc. and Oxenlab expressly agreeing that the work was a "work made for hire" dated before August 18, 2016, the date Broker Genius filed the copyright application. Therefore, Oxenlab was the owner of the copyright to Auto Pricer v.3 when the copyright application was filed, not Broker Genius. 17 U.S.C. § 101.

Broker Genius alleges that Defendants began infringing the copyright no later than May 2015. (First Amended Complaint ¶ 102 (Dkt. 25).) Broker Genius further alleges that the infringement consisted of copying and making unauthorized use of Broker Genius' copyrighted Auto Pricer v.3 "software code" to create the user interface of the TickPricer product. (*Id*. ¶ 86.) By Broker Genius' own admission, the TickPricer application was available no later than March 2, 2017. (*Id*. ¶ 69.) Therefore, the infringing conduct – that is, copying the Auto Pricer v.3 source code to create the TickPricer user interface – must have occurred before March 2, 2017. However, Oxenlab did not assign the copyright to Auto Pricer v.3 to Broker Genius until March 8, 2017, nearly two years after the alleged infringement commenced and after Defendants would have allegedly copied the Auto Pricer v.3 source code.

Furthermore, the assignment from Oxenlab to Broker Genius is a general assignment of

intellectual property: it does not include any express mention of "copyright." Additionally, the assignment agreement does not include an assignment of accrued causes of action. (Ex. D.) "The general rule is that for infringements that occur prior to the assignment, it is the assignor and not the assignee who has standing to sue for that infringement. An assignment may convey the right to a claim for prior infringement, but only if that right is explicitly transferred." *Intimo, Inc. v. Briefly Stated, Inc.*, 948 F.Supp. 315, 317 (S.D.N.Y. 1996) (denying plaintiff's motion for summary judgment where assignment did not include right to sue for past infringement.) Therefore, Broker Genius does not have standing to assert its claims for infringement and the copyright claims must be dismissed.

## II.   THIS COURT MUST REQUEST AN OPINION FROM THE COPYRIGHT OFFICE REGARDING TWO INACCURATE STATEMENTS MADE BY PLAINTIFF IN THE COPYRIGHT APPLICATION.

Even if the Court concludes that Broker Genius has standing to maintain the copyright infringement claims, it must nevertheless request an opinion from the Register of Copyrights regarding two statements made in the Copyright Application. First, Broker Genius, claims that it was the author of the Auto Pricer v.3 source code as a "work made for hire." This statement was false. The authors who created the Auto Pricer v.3 code were employees of Oxenlab, not Broker Genius. Second, Broker Genius identified itself, Broker Genius, Inc., as the owner of the copyright on August 18, 2016, the date it filed the copyright application. This statement was also false. When the copyright application was filed, Oxenlab owned the copyright to Auto Pricer v.3 (and its prior versions), not Broker Genius. Oxenlab did not assign the copyright to Auto Pricer v.3 to Broker Genius, Inc. until March 2017. Broker Genius knew these statements were false when it filed the application. (Sherman Dep. at 62.) In light of these inaccurate statements, this court "shall request the Register of Copyrights to advise the Court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17

U.S.C. § 411(b)(2).

## CONCLUSION

Defendants request that this Court dismiss Count II of the Complaint for copyright infringement because Plaintiff lacks standing to assert the claims. Alternatively, if the Court finds that Plaintiff has standing, Defendants move the Court to request an opinion from the Register of Copyrights as to whether the inaccurate statements contained in the Certificate of Registration would, if known, have caused the Register of Copyrights to refuse registration. Defendant further asks that the Court suspend further consideration of Plaintiff's copyright infringement claims until the Register of Copyrights provides its opinion.

Dated: June 12, 2017.

By: _____

THE SLADKUS LAW GROUP
Jeffrey B. Sladkus
Georgia Bar No. 651220
jeff@sladlaw.com
Mark L. Seigel
Georgia Bar No. 634617
mark@sladlaw.com
Jason H. Cooper
Florida Bar No. 98476
Georgia Bar No. 778884
jason@sladlaw.com
1827 Powers Ferry Road
Building 6, Suite 200
Atlanta, GA 30339
Main: (404) 252-0900
Fax: (404) 252-0970

SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP
Jared E. Paioff (jp-2255)
270 Madison Avenue
New York, New York 10016
(212) 743-7000 - Telephone
(212) 743-7001 - Facsimile
Email: jpaioff@ssrga.com
*Attorneys for Defendants*

- 7 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BROKER GENIUS, INC.,

      Plaintiff,

      v.                                     Case No. 1:17-cv-02099-SHS

NATHAN ZALTA,
MICHAEL SHAMAH,
NRZ ENTERTAINMENT, LLC
JOSEPH BASSIL, and
GONTHAM, LLC.

      Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2017 I filed the foregoing DEFENDANTS' MOTION TO DISMISS COUNT II FOR LACK OF STANDING AND MOTION TO REQUEST OPINION REGARDING VALIDITY OF PLAINTIFF'S COPYRIGHT REGISTRATION with the Records Management Department under seal pursuant to the Sealed Records Filing Instructions and sending a copy by electronic means to the following counsel of record:

               Daniel J. Melman
               DMelman@pearlcohen.com
               Veronica Mullally Muñoz
               VMunoz@PearlCohen.com
               PEARL COHEN ZEDEK LATZER BARATZ LLP
               *Attorneys for Plaintiff Broker Genius, Inc.*
               1500 Broadway, 12th Floor
               New York, NY 10036
               (646) 878-0800

               By: _____
                      Counsel for Defendants

- 8 -